*McKay v. Vermont Department of Taxes*, No. 552-9-14 Wncv (Teachout, J., June 19, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 552-9-14 Wncv** |

**JOHN D. MCKAY**
      **Taxpayer–Appellant**

      **v.**

**STATE OF VERMONT DEPARTMENT OF TAXES**
      **Appellee**

## DECISION ON APPEAL

At the administrative hearing below, the hearing officer made a domicile determination for tax year 2007 that the taxpayer challenges on appeal. Review of the record shows that the assigned hearing officer failed to apply the correct burden-of-proof on the issue as required by the Department's domicile regulation, Regulation § 1.5811(11)(A)(i) (Domicile Regulation), and instead purported to employ an appellate standard of review at the evidentiary, administrative hearing itself.[1] This same error was made in the recent case of *Lorenzo v. Dep't of Taxes*, No. 213-3-14 Wncv.

The Domicile Regulation provides in part:

(a) The party claiming domicile, or a change of domicile, shall carry the burden of proof.

(b) The evidence required to establish both a change of residence and the intention to effect a change of domicile must be clear and convincing. The intent to change a domicile must be manifested by unequivocal acts.

(c) A person's course of conduct is accorded more weight than self-serving declarations of domicile.

(d) An individual trying to establish Vermont as his or her domicile shall be subject to the same burden of proof as an individual claiming to have abandoned Vermont as his or her domicile.

Domicile Regulation § 5. In any case in which domicile is an issue—and especially in cases such as this in which it is the pivotal issue—the correct allocation and weight of the burden of proof is dependent on whether the issue is establishment (preponderance) or change (clear and convincing) and on which is the advancing party.

---

[1] The Domicile Regulation is available at http://www.state.vt.us/tax/pdf.word.excel/legal/regs/15811.pdf. On Westlaw, it may be found at Vt. Admin. Code 1-3-102 or VT ADC 10 060 039.

Here, it appears clear enough that Mr. McKay and his family were domiciled in Virginia in and prior to 2005, when they sold their Virginia home and moved to Italy. When they returned to the United States, they came to Vermont. During this period, Mr. McKay's legal career had fallen apart and his marriage was quickly doing the same. His wife and children wanted to stay in Vermont. He found employment in New York and began visiting the children on weekends. He alleges that by 2007, the year in dispute, he was domiciled in New York. The Department took the position that he was domiciled in Vermont.

To properly apply the burden of proof required by the Domicile Regulation, the finder of fact first needs to determine whether the issue is 2007 alone, in which case the issue is one of establishment, or whether an earlier year and different location of domicile can be properly established such that one of the parties is required to prove a subsequent change of domicile (or, potentially, multiple changes of domicile). The hearing officer did not apply the Domicile Regulation at all and failed to tease these issues apart.

Rather than apply the Domicile Regulation, the hearing officer held as follows: "The taxpayer bears the burden of showing that the Department's assessment is erroneous, and that showing must be clear and convincing. *Travia's, Inc. v. State, Dept. of Taxes*, 2013 VT 62, ¶ 12 (citations omitted)." The quoted portion describes the standard of judicial review applicable on appeal after the evidentiary, administrative hearing establishing the assessment. It does not describe the evidentiary burden of proof at the administrative hearing itself. In this case, as in *Lorenzo*, the correct allocation and weight of the burden of proof may well be outcome determinative. The Court cannot conclude that the failure to apply the Domicile Regulation was harmless.

Although not clear in the record below, at the oral argument on appeal, the parties clearly agreed that Mr. McKay's domicile in 2006 was Vermont. Thus, on remand, Mr. McKay has the burden of proving by clear and convincing evidence that his domicile in 2007 changed to New York. While the State argued that the Court, on appeal, could review the evidence in the record and find it insufficient as a matter of law to show a change of domicile for 2007, the Court declines to undertake such an analysis. The issue of domicile can be highly nuanced and generally is a matter of fact. In this case, the evidence is not so one-sided that the Court can resolve it as a matter of law. The issue must be determined by the finder of fact.

## ORDER

For the foregoing reasons, the Commissioner's determination is *vacated* and this case is *remanded* for a new hearing at which Mr. McKay has the burden of proving by clear and convincing evidence that his domicile for 2007 changed from Vermont to New York, in accord with the burden of proof required in the Department's Domicile Regulation.

Dated at Montpelier, Vermont this _____ day of June 2015.

_____
Mary Miles Teachout
Superior Judge

2